IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT SUTTON, et al.** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **BRISTOL TOWNSHIP, et al.** | : | **No. 23-892** |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**Schiller, J.**                                                                                                                **July 26, 2023**

Plaintiffs Scott Sutton, John Sutton, and Tiffany Campana, individually and on behalf of her minor children J.L.B. and K.A. (collectively, "Plaintiffs"), assert claims against Bristol Township and various Bristol Township police officers (collectively, "Defendants") for alleged constitutional violations and state law torts. Plaintiffs seek to discover records regarding John Sutton, Tiffany Campana, and J.L.B. and K.A from non-party Bucks County Children & Youth Services Agency (the "Agency"). The Agency declined to comply with Plaintiffs' subpoena absent a court order and a protective order requiring any information it provides to be kept confidential and filed under seal. Plaintiffs move to compel the Agency to comply with their subpoena. For the reasons that follow, the Court denies their motion without prejudice.

I.      <u>**BACKGROUND**</u>

Scott Sutton, his father John Sutton, Tiffany Campana, and her children J.L.B. and K.A. live together in a home in Bristol Township, Pennsylvania. (Compl., ECF 1, ¶ 17; Answer, ECF 13, ¶ 17.) In November 2022, various Bristol Township police officers arrived at the home after receiving an anonymous tip that J.L.B. possessed a "kill list" and access to a firearm. (Compl. ¶¶ 18-19.) Plaintiffs allege police officers ordered them to exit the home, conducted a search without consent or a warrant, and found no evidence of any crime. (*Id.* ¶¶ 28-30.) Plaintiffs subsequently filed their Complaint alleging Defendants violated their civil rights pursuant to 42

1

U.S.C. § 1983 and committed the torts of trespass, "unlawful imprisonment," and invasion of privacy under Pennsylvania law. (*See id.* ¶¶ 34-53.)

After Defendants answered, Plaintiffs served a subpoena on the non-party Agency requesting any and all documents pertaining to (1) communications between the Agency and Bristol Township Police Department connected to the November 2022 incident and (2) information about its investigation of Tiffany Campana, J.L.B., and K.A. connected to the November 2022 incident. (Mot. to Compel, ECF 16-1, Ex. A.) Six days later, the Bucks County Law Department responded that Pennsylvania law requires the Agency to maintain all records as confidential and declined to supply the documents without both a court order and an executed protective order ensuring confidential treatment of any information provided. (*Id.* Ex. B.)

Counsel for both parties then docketed a draft stipulated order requiring the Agency to transmit the information Plaintiffs sought under the threat of contempt, but did so with no accompanying memorandum of law, statement of facts, copy of the subpoena or the Agency's response, or any other context. (*See* ECF 14.) Absent any information about the proposed order, the Court struck it and directed the parties to file a motion requesting relief. (ECF 15.)

Plaintiffs now move to compel the Agency to comply with their subpoena. (ECF 16.) Their motion raises two issues: (1) whether the Court should compel the Agency to comply with the subpoena; and (2) whether the Agency can require the parties to enter a stipulated protective order before producing the requested documents. Because Plaintiffs have not met their burden to compel the Agency to produce the documents, the Court declines to analyze the second issue.

II. **STANDARD OF REVIEW**

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant

to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1); *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Courts liberally apply discovery rules, and whether to compel discovery is within the Court's discretion. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

### III. DISCUSSION

As a threshold matter, and consistent with the scope of Rule 26, the Court must determine whether the information Plaintiffs seek is relevant. "The party seeking discovery bears the burden of showing its relevance." *S.G. v. W. Willow Fire Co.*, No. 16-4201, 2017 WL 11550403, at *3 (E.D. Pa. June 28, 2017). When, as here, the discovery is sought from a non-party, the requesting party needs to make an even "stronger showing of relevance" and the Court should be particularly sensitive to "weighing the probative value of the information sought against the burden of production." *Id.* at *3-4 (internal quotations omitted); *see also In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (explaining the subpoenaing party must first show that discovery requests are relevant and the heightened requirements for non-parties).

In their brief, Plaintiffs primarily argue a protective order is not necessary and neglect to address whether the Court should even compel production of the requested information. They do not squarely explain why the documents they seek are relevant. They say only that they are "investigating the extent that all information that was illegally obtained was used to harm the Plaintiffs, and the information in possession of the Bucks CYS furthers the purpose of developing our case." (Mot. to Compel Br., ECF 16-2, at 5-6.) Plaintiffs note they "further allege that Defendants took the fruits of their illegal search and provided that information to the Bucks County Children & Youth Social Services Agency . . . , causing further harm to Plaintiffs." (*Id.* at 1.)

These conclusory statements about why the information sought from the Agency is relevant

find no support in the Complaint, which is devoid of any facts about the November 2022 search's repercussions or how Defendants "took the fruits of their illegal search and provided that information to the [Agency]." (Mot. to Compel. Br. at 1.) In fact, the Complaint alleges the police "did not find any evidence of a crime as a result of their search of the" home, and it does not mention the Agency at all. (Compl. ¶ 30.) Plaintiffs' motion to compel is the first time the Court has learned about any alleged "further damages" resulting from the alleged unconstitutional search. In the absence of allegations in the Complaint that Defendants turned over what they found during the search to the Agency and/or how that impacted Plaintiffs, the Court denies their motion to compel. *See S.G.*, 2017 WL 11550403, at *3-4 (denying motion to compel the non-party child and youth services agency to comply with discovery request after party failed to show requested information's relevance); *Zukoski v. Phila. Elec. Co.*, No.93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994) ("Since the relevance of the information requested, for any purpose, is certainly in doubt, the fact that the discovery is sought from a non-party lends further support to my conclusion that the material is not subject to discovery.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel is denied without prejudice.

An Order consistent with this Memorandum will be docketed separately.